PARTIDO SOCIALISTA, peticionario, *v.* HORACE M. TOWNER, en su carácter de GOBERNADOR DE PUERTO RICO, demandado.

No. 238.—*Visto:* Junio 21, 1926. *Resuelto:* Julio 29, 1926.

CORTES—CORTES DE LOS ESTADOS UNIDOS—CORTES DE CIRCUITO DE APELACIONES—APELACIONES PARA ANTE DICHAS CORTES—PROCEDENCIA DEL RECURSO.—Correspondiendo finalmente a la Corte de Circuito de Apelaciones decidir sobre la procedencia de un recurso establecido para ante ella; no habiendo aún dicha corte resuelto nada expresamente sobre la facultad asumida por este tribunal al negar, como lo ha hecho, recursos interpuestos para ante aquella corte de apelación y opinando uno de los jueces de este tribunal que el recurso establecido es procedente, *se resolvió* que debía admitirse la apelación interpuesta.

SOLICITUD de AUTO DE ERROR, de la Corte de Circuito de Apelaciones para el Primer Circuito, a la Corte Suprema de Puerto Rico. *Concedido el auto.*

*Bolívar Pagán,* abogado del peticionario.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Por resolución de marzo 12, 1926, la Corte Suprema, por mayoría, declaró no haber lugar a expedir el auto de *mandamus* solicitado. Las razones constan en la opinión de la corte emitida por el Juez Asociado Sr. Wolf en la misma fecha. El juez disidente Sr. Franco Soto hizo constar también por escrito sus razones.

No conforme el peticionario con la resolución de la corte archivó una *"petition for writ of error"* acompañada de un *"assignment of error."* Se señaló un día para oir a las partes sobre la procedencia del recurso establecido. Sólo compareció el peticionario.

Al discutirse el caso en el seno del tribunal, el Juez Asociado Sr. Wolf presentó un memorándum sosteniendo que el recurso no debía admitirse. Los Jueces Presidente Del Toro y Asociados Sres. Aldrey y Hutchison mostraron su conformidad con la substancia del memorándum. El Juez Sr. Franco opinó que el recurso era admisible.

En vista de la actitud del Juez Asociado Sr. Franco Soto y tratándose de una cuestión que corresponde finalmente decidir a la Corte de Circuito, los Jueces Presidente Del Toro y Asociado Hutchison opinaron que debía darse curso al auto. Los Jueces Sres. Wolf y Aldrey insistieron en que debía negarse el recurso.

Es un hecho cierto que esta corte en diversas ocasiones ha negado recursos interpuestos para ante la Corte Suprema de los Estados Unidos y para ante la Corte de Circuito, pero lo ha sido cuando ha existido unanimidad.

En ocasión alguna, que sepamos, la Corte de Circuito de Apelaciones del Primer Circuito en relación con la Corte Su-

prema de Puerto Rico, ha considerado por escrito esta facultad que hemos asumido de acuerdo con otros precedentes que hemos consultado y sería muy conveniente que lo hiciera para despejar la situación en materia tan delicada y que se presenta con tanta frecuencia.

Se ha dicho que si esta corte niega la admisión del recurso, el peticionario puede acudir a la Corte de Circuito en solicitud de un auto de *mandamus* ordenando a la Corte Suprema de Puerto Rico que lo admita. Así es en efecto pero a los Jueces Presidente Del Toro y Asociado Hutchison ha parecido que no debe obligarse a un litigante a acudir al ejercicio de un recurso extraordinario cuando la Corte de Circuito aún nada expresamente ha resuelto y cuando un Juez de esta Corte Suprema disiente y considera que de acuerdo con su previo disintimiento sobre los méritos del caso éste es apelable de conformidad con la ley.

*Debe admitirse el recurso.*

Los Jueces Asociados Señores Wolf y Aldrey, disintieron.